IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY K. WINTERS dba BKW FARMS,          Case No. 6:15-mc-492-AA
et al.,                                            OPINION AND ORDER

      Plaintiffs,

   vs.

OCEAN SPRAY CRANBERRIES, INC.
and OCEAN SPRAY BRANDS, LLC,

      Defendants.

_____

David A. Jacobs
Luvaas Cobb
777 High St., Suite 300
Eugene, OR 97401
    Attorney for Bussmann
    Cranberries LLC

Norman Jackman
Jackman & Roth LLP
1600 Massachusetts Ave., Suite 502
Cambridge, MA 02138

Arthur R. Miller
Arthur R. Miller, Esq.
University Professor, NYU School of Law
40 Washington Square South, Room 430F
New York, NY 10012

James A. Olsen, Pro Hac Vice
Lawton & Cates, S.C.
345 W. Washington Ave., Suite 201
P.O. Box 2965
Madison, WI 53701-2965

Page 1 - OPINION AND ORDER

Manuel C. Hernandez, Pro Hac Vice
Hernandez & Associates, LLC
P.O. Box 979
Bandon, OR 97411

Frederick J. Carleton, Pro Hac Vice
Shala McKenzie Kudlac, Pro Hac Vice
Carleton Law Offices
P.O. Box 38
Bandon, OR 97411
        Attorneys for plaintiffs

Jens Schmidt
James E. Mountain, Jr.
Harrang Long Gary Rudnick P.C.
360 East 10th Ave., Suite 300
Eugene, OR 97401

Alfred C. Pfeiffer, Jr.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538

Lawrence E. Buterman
Margaret M. Zwisler
Latham & Watkins LLP
555 Eleventh St., N.W., Suite 1000
Washington, DC 20004-1304
        Attorneys for defendants

AIKEN, Chief Judge:

    Defendants Ocean Spray Cranberries, Inc. and Ocean Spray
Brands, LLC ("Ocean Spray") move pursuant to Fed. R. Civ. P. 26,
34, and 45 for an order compelling nonparty Bussmann Cranberries
LLC ("Bussmann") to produce documents and data responsive to Ocean
Spray's July 7, 2015 subpoena. For the reasons set forth below,
Ocean Spray's motion to compel is GRANTED on the condition that a
protective order with terms agreeable to Bussmann is signed and
filed prior to production.

## BACKGROUND

    The plaintiffs in the underlying action are sixteen individuals

Page 2 - OPINION AND ORDER

and corporate entities that own and operate cranberry farms. The plaintiffs are either independent growers who sell raw cranberries to non-Ocean Spray buyers, or growers in Ocean Spray's agricultural cooperative called the "B Pool" that contract directly with Ocean Spray.

On March 1, 2013, plaintiffs filed their third amended class action complaint in the District of Massachusetts alleging Ocean Spray violated antitrust and agricultural laws, including the Sherman Act and the Capper-Volstead Act, as well as violating the Final Judgment in Case No. 55-418-3. Plaintiffs allege Ocean Spray illegally depressed the price of fresh, frozen, and processed cranberries through its operation of the Cranberry Auction and influence on the price of cranberry concentrate. As a result of Ocean Spray's alleged illegal practice, plaintiffs maintain that Ocean Spray's "B Pool" growers received prices for their raw cranberries that were below market value and/or below the cost of production, and Ocean Spray's pricing scheme also caused independent handlers to pay independent cranberry growers below market prices.

To better understand the claims in the underlying lawsuit, plaintiffs explained that Ocean Spray divided its cranberry growing cooperative into two classes of cranberry growers in 2006, forming the "A Pool" and the "B Pool." The price paid to A Pool growers for their cranberries is based on the sales and profitability of Ocean Spray's branded and value-added products; the price paid to B Pool growers for their raw cranberries is based on the commodity price of processed cranberries. Plaintiffs allege that this model creates

a conflicting incentive structure: the lower the price paid to B Pool growers, the higher the profit margin for A Pool growers. Thus, plaintiffs allege Ocean Spray is not acting for the mutual benefit of its cooperative members because it is driving the price of cranberries artificially low so that A Pool growers can enjoy increased profit margins at the expense of B Pool growers.[1]

The motion to compel comes before this Court due to plaintiffs' additional allegation that independent growers who are not associated with Ocean Spray are also harmed because the prices they receive from "independent handlers" for their raw cranberries depend on the price of cranberry concentrate set artificially low by Ocean Spray at the Cranberry Auction. Plaintiffs allege that smaller independent handlers[2], like nonparty Bussmann, are unable to sustain their operation without either reducing the amount of cranberries they purchase or lowering the price offered to independent growers. As a result of the artificially low price of cranberries, plaintiffs allege that independent growers are essentially forced to join Ocean Spray's B Pool or exit the cranberry market.

To prepare its defense, Ocean Spray seeks discovery to support

---

[1] Prior to 2006, all growers in Ocean Spray's cooperative were paid based on the compensation structure now reserved only for Pool A growers. Plaintiffs allege there is no difference in the quality of fruit between A Pool and B Pool growers and Ocean Spray's Board of Directors, comprised solely of A Pool growers, restrict who may join the A Pool.

[2] Ocean Spray is the largest "handler" in the business. Ocean Spray explains that it does not purchase raw cranberries from independent growers. Rather, "independent handlers" contract with independent growers to purchase their raw cranberries and process them into a variety of cranberry-based products. Ocean Spray then contracts with the independent handlers.

Page 4 - OPINION AND ORDER

its argument that Ocean Spray's pricing at the Cranberry Auction did not cause independent growers injury because independent handlers could and did remain profitable without lowering the prices they offered to independent growers. Thus, Ocean Spray maintains that it must obtain information concerning the exact prices independent handlers paid independent growers and what factors contributed to setting those prices. Ocean Spray served subpoenas on more than a dozen independent handlers throughout the country seeking targeted information about the handlers' cranberry purchase contracts, payments to growers, sales of cranberry products, and other business and financial information.

Ocean Spray maintains that Bussmann is an independent handler of cranberries and is the only independent handler subpoena recipient to categorically refuse to produce any documents without a court order. On September 28, 2015, Ocean Spray filed a motion to compel Bussman to comply with its subpoena requests 1-11.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P 26(b)(1). Rule 45 authorizes a party to a lawsuit to issue a subpoena commanding a nonparty to produce documents in its possession, custody, or control that are discoverable under Rule 26(b). Fed. R. Civ. P. 45(a)(1)(A)(iii); Boston Scientific Corp. v. Lee, No. 5:14-MC-80188-BLF-PSG, 2014 WL 3851157, at *3 (N.D. Cal. Aug. 4, 2014).

A court determines the propriety of a subpoena by balancing

"the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Fed. R. Civ. Pro. 45(d); <u>Boston Scientific Corp.</u>, 2014 WL 3851157, at *4. However, "[o]nce the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery. An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information." <u>Id.</u> at *4 (internal quotations omitted).

Further, a court may "limit discovery if the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive or if the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u> (internal quotations omitted). A court is permitted to quash or modify a subpoena that requires disclosure of a trade secret or other confidential research, development, or commercial information, but must quash or modify if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(B)(i); Fed. R. Civ. P. 45(d)(3)(A)(iv); <u>Mount Hope Church v. Bash Back!</u>, 705 F.3d 418, 429 (9th Cir. 2012); <u>Boston Scientific Corp.</u>, 2014 WL 3851157, at *4.

## DISCUSSION

Ocean Spray moves to compel documents from Bussmann ranging from 2004 to the present, including (1) documents and data reflecting Bussmann's purchases from growers, including its pricing,

transaction terms, and any contracts with growers (requests 1-4); (2) documents and data reflecting Bussmann's sales of cranberries or cranberry products (requests 2-3); and (3) documents showing Bussmann's financial and organizational structure, and other business information (requests 5-11).

Ocean Spray alleges that at certain points from 2004 to the present, Bussmann purchased fresh cranberries from named plaintiffs and relatives Christian Bussmann and Deanna Bussmann, as well as from named plaintiffs John L. Meyer Cranberries, Inc., Winter Sogn Farm, Scott Vierck, and Michael Webb. Defs.' Mot. at 5. Ocean Spray maintains that "[d]etermining whether these plaintiffs failed to receive adequate payment for their sales to Bussmann requires a careful analysis of the prices, quantities, and other key negotiated terms of each transaction, as well as the factors considered by handlers, including Bussmann, in agreeing to pay those prices." Id. at 7. Ocean Spray further alleges that documents related to Bussmann's financial condition and the costs incurred from processing and selling cranberry products are unique to Bussmann and not readily available from plaintiffs. Id. at 7-8. Ocean Spray maintains that such discovery is necessary to test plaintiffs' assertion that smaller independent handlers were unable to sustain operations at concentrate prices unless they reduced their demand for cranberries or paid lower prices to growers. Id. at 8. Ocean Spray represents to the Court that Bussmann has been uncooperative during conferral and that confidentiality concerns are unjustified because a protective order is in place for discovery in the

underlying litigation.

Bussmann argues the information sought by Ocean Spray is protected confidential commercial information, is not relevant to Ocean Spray's defense, and can be obtained from other independent handlers and actual plaintiffs. Bussmann Resp. at 4, 5, 8. In addition to these objections, Bussmann objects to Ocean Spray's subpoena requests on the grounds that the time and expense to produce responsive documents would be unduly burdensome, the requests are overbroad, and Bussmann simply does not possess documents responsive to some of the requests. Bussmann Resp. at 6, 9; Defs.' Mot. Ex. I. Bussmann strongly emphasizes that he is a nonparty desiring no involvement in the underlying litigation, and other than one small cranberry purchase from his cousin who is a plaintiff, he does not do business with plaintiffs. Bussmann Resp. at 2. Additionally, Bussmann's attorney represents the conferral regarding the discovery at issue was professional and at that time, Ocean Spray's counsel implied that it might not pursue records from Bussmann. Id.

The Court has carefully weighed the relevancy of the discovery sought, Bussmann's arguments for protection of the documents requested, and Ocean Spray's substantial need for the information. Given the very broad scope of discovery allowed under Federal Rule of Civil Procedure 26 and the fact that nonparty status does not automatically serve as a shield from producing relevant evidence, the Court finds Ocean Spray's arguments persuasive.

The information sought in Ocean Spray's subpoena must be

relevant to the claims and defenses in the underlying case. <u>See</u> <u>Gonzales v. Google, Inc.</u>, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). In other words, "the information sought must be reasonably calculated to lead to admissible evidence. This requirement is liberally construed to permit the discovery of information which ultimately may not be admissible at trial." <u>Id.</u> at 680 (internal citations and quotations omitted). Moreover, this Court does not have the benefit of involvement with the underlying litigation which is currently pending in the U.S. District Court for the District of Massachusetts. Significantly, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . the court should be permissive." <u>Id.</u> at 681.

Ocean Spray has met its burden of showing that the information sought from Bussmann is relevant to its defense. First, the Court is persuaded that Bussmann falls into the category of "independent handler" despite his argument that he is only a "middle man" and not a true independent handler.[3] Second, Ocean Spray has attached to its motion, as Exhibits D-H, evidence that Bussmann has at times

---

[3]Ocean Spray cites a website where Bussmann is registered with the U.S. Department of Agriculture's Cranberry Marketing Committee as a supplier that sells fresh and frozen cranberries via direct and wholesale channels. Ocean Spray's subpoena to independent handlers defines "Handler" in accordance with the Federal Cranberry Marketing Order regulations as someone who "convert[s] cranberries into canned, frozen or dehydrated cranberries or other cranberry products . . . ." Defs.' Mot. Ex. A at 6.

purchased cranberries from named plaintiffs in the underlying lawsuit. Thus, Bussmann possesses information relevant to Ocean Spray's defense, particularly information relating to its argument that independent handlers were not forced to offer lower prices to independent growers because of Ocean Spray's Cranberry Auction prices. Finally and significantly, the Court is not convinced that Bussmann is entitled to treatment different from the eleven other independent handlers who have already complied with Ocean Spray's subpoena requests. Defs.' Mot. at 9, 11; Bussmann Resp. at 8.

Once the moving party has shown that the discovery sought is relevant in accordance with Rule 26(b)(1), the burden shifts to the party opposing the motion to show that the discovery requested is unreasonably duplicative or can be obtained from a more convenient or less burdensome source. Callwave Commc'ns, LLC v. Wavemarket, Inc., No. C14-80112JSW(LB), 2014 WL 2918218, at *2 (N.D. Cal. June 26, 2014)(citing Fed. R. Civ. P. 26(b)(2)(C)). However, a nonparty must be protected if the subpoena requests privileged or protected information or subjects the nonparty to an undue burden, and may be protected if disclosure involves commercial information. Id. (citing Fed. R. Civ. P. 45(d)(3)(A)-(B)).

Bussmann argues the information sought specifically from his company is duplicative of information already produced by eleven recipients of the identical subpoena. Bussmann Resp. at 8. The Court finds the information sought from Bussmann not unreasonably duplicative given that the prices offered to independent growers by independent handlers may vary from company to company. While true

Page 10 - OPINION AND ORDER

"[a] court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation," the information sought from Bussmann cannot be obtained from a more convenient or less burdensome source because it is specific to his company alone. Amini Innovation Corp. v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 410 (C.D. Cal. 2014)(quoting Rocky Mountain Med. Mgmt. v. LHP Hosp. Grp., Inc. et al., 2013 WL 6446704, at *4 (D. Idaho Dec. 9, 2013)). Further, Ocean Spray represents to this Court the information already gathered from plaintiffs who transacted with Bussmann omits key information concerning price, quantity, and other terms. Defs.' Mot. at 7 n.3. Thus, a party to the litigation cannot provide the specific information sought.

The Court also finds the burden of production to Bussmann does not outweigh the benefit of production. Bussmann declared that producing the responsive discovery will take his bookkeeper approximately two days to make copies at a cost of approximately $500. Bussmann Decl. ¶ 8. The Court is required to protect a nonparty from significant expense resulting from compliance with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii). Courts have defined what constitutes a "significant expense." Callwave Commc'ns, LLC, 2014 WL 2918218, at *3 ($20,000 was "clearly" significant versus $9,000 "may be" significant). Although $500 may not ordinarily fall into the realm of "significant expense," what is considered significant to a small family-run business may be insignificant to a global financial institution. U.S. v. McGraw-Hill Cos., Inc., 302 F.R.D. 532, 536

(C.D. Cal. 2014). Moreover, the determination of what is significant falls to the discretion of the district court. <u>Callwave Commc'ns, LLC</u>, 2014 WL 2918218, at *3. Given the considerations in this case, the Court shifts the expense of obtaining discovery to Ocean Spray.

Finally, the Court is cognizant of the confidential nature of the business information sought in Ocean Spray's subpoena and appreciates Bussmann's predominant concern that his private business information could be made available to his customers and competitors. The Stipulated Protective Order on file in the underlying litigation, submitted as Exhibit A to Ocean Spray's motion to compel, is a two-tiered protective order allowing for the designation of documents as "Highly Confidential Material" which prohibits disclosure of such documents to the parties to the litigation. Any discovery produced by Bussmann pursuant to Ocean Spray's subpoena must be produced subject to the confidential protections provided by the Stipulated Protective Order.

<b>CONCLUSION</b>

For the reasons set forth above, Ocean Spray's motion to compel (doc. 1) Bussmann's response to its July 7, 2015 subpoena is GRANTED subject to the protective order on file in the underlying case.

IT IS SO ORDERED.

Dated this 2 day of ~~November~~ December 2015.


_____

Ann Aiken
United States District Judge


Page 12 - OPINION AND ORDER